IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3175-BO

| | |
|---|---|
| LARRY K. GREEN, ) | |
| a/k/a SAID ABDULLAH HAKIM, ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| NORTH CAROLINA DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
|    Defendants. ) | |

Larry K. Green/Said Abdullah Hakim, a North Carolina state inmate seeks leave to file a civil rights action pursuant to 42 U.S.C. § 1983.[1] He names approximately 37 defendants in the suit. The complaint is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915. The matter is also before the court on a motion to appoint counsel [D.E. 4], and motion for temporary restraining order [D.E. 8].[2]

Courts must review complaints in civil actions in which prisoners seek relief from a governmental entity or officer, and dismiss a complaint if it 'is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune form such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[1] Prior to conducting this frivolity review, plaintiff filed a Motion to Amend [D.E. 7]. A party may amend his pleading once as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). The court shall allow the January 20, 2011, Motion to Amend [D.E. 7]. Therefore, the court conducts the frivolity review as to both the original complaint and the Motion to Amend.

[2] The motion to amend is likewise properly before the court at this time, and as set out in footnote 1, allowed and considered within this order.

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 129 S. Ct. at 1948; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

The complaint and amended complaint are not a model of clarity. However, it appears that Green raises three issues: deliberate indifference to serious medical needs, interference with incoming and outgoing mail, including legal mail, and Eighth Amendment claims regarding conditions of confinement. While these claims are actionable, he must name proper defendants. The court is unable to determine how each of the 37 named defendants is directly associated with each claim. Thus, plaintiff must particularize this claim by providing additional information. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). Plaintiff may amend his complaint pursuant to Fed. R. Civ. P. 15(a). Plaintiff is further instructed by Rule 8 which requires a pleading that sets forth a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8.

Plaintiff is ORDERED to outline each of the three claims for which he seeks relief, facts associated with each claim, what injury occurred because of the allegations, when the allegations occurred, who was involved in the allegations, and how the named individuals were involved, including how their action or inaction resulted in injury to him. Plaintiff is ordered to file an

2

Case 5:11-ct-03175-BO   Document 9   Filed 06/06/12   Page 2 of 4

amended complaint within twenty (20) days of the date of this order. Plaintiff is cautioned that his failure to do so will result in the dismissal of his complaint. He is further cautioned to closely heed Rule 8 of the Rules of Civil Procedure. Failure to clarify how each defendant is a properly named party may result in the dismissal of the action in its entirety. Furthermore, if Green realized that he has overreached in naming 37 defendants he may simply state that he seeks to dismiss a number of the presently named parties.

Second, Green seeks appointment of counsel [D.E. 7]. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Plaintiff has asserted straightforward claims, and the case does not appear to present exceptional circumstances. Further, having survived the frivolity review, North Carolina Prisoner Legal Services (NCPLS) will investigate the matter. Therefore, the motion is denied at this time.

Third, Green seeks a motion for a temporary restraining order. The substantive standard for granting a temporary restraining order is the same as that for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." The Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009) (quotations omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Green has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Green has failed to meet his burden of proof. Accordingly, the court denies Green's motion for an emergency injunction [D.E. 8].

Accordingly, the motion to amend is ALLOWED [D.E. 7]. See n.1. However, the frivolity review cannot be completed and plaintiff is ORDERED to file an amended complaint within twenty (20) days of the date of this order as set out above. Lastly, the motion for appointment of counsel [D,E, 4] is DENIED as is the motion for a temporary restraining order [D.E. 8].

SO ORDERED, this _6_ day of June 2012.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE